FILED
2005 Nov-07 PM 04:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| FALCON AIR, AB, a corporation, | ) | |
| Plaintiff, | ) | |
| vs. | ) | CV 95-AR-2631-S |
| PEMCO AEROPLEX, INC., a corporation, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

Defendant, PEMCO Aeroplex, Inc. (PEMCO), misunderstood or misinterpreted the court's comment made during the hearing of October 31, 2005, that "I think I'm going to give the Eleventh Circuit a shot at it." The court was simply speculating about the possibility that PEMCO will be so unhappy with the arbitral result as at that time to mount a two pronged attack on it, both (1) by appealing under 9 U.S.C. § 10 for one or more of the reasons recognized therein if this court should deny a post-arbitration 9 U.S.C. § 10 challenge, and (2) by appealing this court's present refusal to remove the arbitrator for what PEMCO alleges is an initial absence of "mutual assent." PEMCO argues that the absence of "mutual assent" is not available to it under 9 U.S.C. § 10.

PEMCO now says that on October 31, 2005, it had not asked this court to

remove the arbitrator.  Apparently, this court misunderstood or misinterpreted PEMCO's position as badly as PEMCO misunderstood or misinterpreted the court's position.

PEMCO calls its motion filed on November 1, 2005, a "motion for enforcement of the arbitration agreement."  Such a motion was, in effect, granted by the Eleventh Circuit over two years ago.  To order the same thing now would suggest that this court does not understand the law-of-the-case and needs to repeat the Eleventh Circuit's mandate.

There can no longer be any misunderstanding or misinterpretation.  PEMCO is now unequivocally asking the court to remove the arbitrator, with or without conducting an evidentiary hearing on the matter of the arbitrator's possible disqualification.  Accepting PEMCO's contention that it has not previously asked this court to remove the arbitrator, PEMCO has satisfactorily answered this court's show cause order of November 2, 2005.  Because the court has now been informed that the arbitrator has refused to recuse, PEMCO is asking the court to vacate the arbitrator's order denying PEMCO's motion for recusal and to remove the arbitrator.  PEMCO's motion to vacate the arbitrator's order of non-recusal and to remove the arbitrator is DENIED.

To the extent that PEMCO's motion of November 1, 2005 can also be construed as a motion to reconsider the order of October 31, 2005, it is

GRANTED only to the extent of removing from the order of October 31, 2005, its purported denial of PEMCO's then non-existent alternative motion to remove the arbitrator.

This Order is without prejudice to PEMCO's right to attack any subsequent arbitral decision after that decision is rendered.

**DONE** and **ORDERED** this 7th day of November, 2005.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE